IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

TRAVIS GLANTON, on behalf of
himself and others similarly situated,

    Plaintiff,

v.                                                         No: 3 10-CV-066 JTC

CRUSE PAVING, INC., a
domestic corporation,

    Defendants.

## COMPLAINT & DEMAND FOR JURY TRIAL

1.    Plaintiff, Travis Glanton, was an employee of Defendant, Cruse Paving, Inc., and brings this action for unpaid minimum wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was an hourly paid laborer and performed duties in defendant's paving operations in, among others, Carroll County, Georgia.

2.    This court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, the FLSA, and the Declaratory Judgment Act.

3.    This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.    This action is intended to include each and every hourly paid, similarly situated employee who worked for Defendant and was not properly paid applicable minimum wages in the past three (3) years.

5. Defendant is a Georgia corporation that operates and conducts business in Carroll County, Georgia, among other places.

6. At all relevant times, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. § 203(r) and § 203(s), as upon information and belief, Defendant had two or more employees engaged in commerce or in the production of goods for commerce and Defendant's gross annual volume of sales is and was not less than $500,000.00.

7. At all relevant times, Plaintiff and those similarly situated's employment with Defendant and the duties they discharged incident thereto constituted interstate commerce as defined by 29 U.S.C. § 203(s).

8. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce.

9. At all times relevant to this action, Defendant failed to comply with 29 USC §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to him the applicable minimum wages for all hours worked.

10. Defendants refused to properly pay at least minimum wages to Plaintiff, and those similarly situated to him, for all hours worked by them.

11. At all times relevant to this action, Defendants failed to comply with 29 USC §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff, and those similarly situated to him, for each hour worked during their employment with the Defendant.

12. Defendant has willfully refused to pay plaintiff for his all of his compensable travel time.

13. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked, the pay Plaintiff earned, and the amounts actually paid to Plaintiff, and those similarly situated to him, are in the possession, custody, or control of Defendants.

## COUNT ONE:
## FAILURE TO PAY MINIMUM WAGES

14. Plaintiff reasserts and incorporates by reference all allegations contained within the previous paragraphs.

15. Plaintiff and those similarly situated to him are entitled to be paid at least the minimum wage for each hour that they worked throughout thier employment with Defendant.

16. Plaintiff expressly demanded proper compensation for his hours worked, but Plaintiff remains uncompensated or under compensated for same.

17. Defendants willfully, intentionally, and/or recklessly failed to pay Plaintiff at least the minimum wage for each hour of service rendered to Defendants during Plaintiff's employment, in violation of the FLSA.

18. Defendant failed to compensate Plaintiff and other similarly situated employees for travel time to and/or from job sites from Defendant's place of business. Plaintiff and those similarly situated to him were engaged in travel as part of Defendant's principal activity and therefore should have been compensated for all travel time between Defendant's place of business and Defendant's job sites as the Plaintiff and other similarly situated employees were required to report to Defendant's place of business to obtain and prepare equipment and machinery and were then dispatched to job sites.

19. Any additional persons who may become plaintiffs in this action are employees (or former employees) of Defendant who, like Plaintiff, were not compensated at least minimum wages for each and every hour worked during one or more work weeks within the past three (3) years.

## DAMAGES

20. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff and their similarly situated co-workers suffered damages to include lost wages, liquidated damages, reasonable attorney fees, and costs.

21. As a result of Defendant's willful violations of the FLSA, Plaintiffs and his similarly situated co-workers are entitled to liquidated damages.

22. Plaintiff respectfully demands a trial by jury for all counts and all issues.

WHEREFORE, Plaintiff and all other similarly situated employees demand judgment against Defendant for the payment of all uncompensated or undercompensated regular hours at an hourly rate at least equal to the federal minimum wage, liquidated damages, economic and non-economic compensatory damages, pre-judgment and post judgment interest, reasonable attorney fees and costs, declaratory relief, and such further relief as this Honorable Court may deem just and appropriate.

Respectfully submitted,

MORGAN & MORGAN, PA

Jennifer M. Bermel, #100550

2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1827
Fax: (901) 333-1864
Email: jbermel@forthepeople.com

## CONSENT TO JOIN COLLECTIVE ACTION AND BE REPRESENTED BY MORGAN & MORGAN, P.A.®

- I **TRAVIS Glanton**, consent to join the above styled lawsuit seeking damages for unpaid wages under the FLSA;
- I am similarly situated to the named Plaintiff in this matter because I performed duties similar duties for the Defendant and was paid in the same regard as the named Plaintiff;
- I authorized the named Plaintiff to file and prosecute the above referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation, including negotiating a resolution of my claims;
- I agree to be represented by Morgan & Morgan, P.A.®, counsel for the named Plaintiff;
- In the event this action gets conditionally certified and then decertified, I authorize Plaintiff's counsel to reuse this Consent Form to re-file my claims in a separate or related action against Defendant.

Date: **May 28, 2010**

Signature: X _____

Address: c/o my Counsel- Morgan & Morgan, P.A.®
~~191 Peachtree Street, Suite 4200~~ **One Commerce Sq. 26th Flr**
~~Atlanta, GA 30101~~ **Memphis, TN 38103**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### NEWNAN DIVISION

TRAVIS GLANTON, on behalf of himself and others similarly situated,

    Plaintiff,

v.

CRUSE PAVING, INC., a domestic corporation,

    Defendant.

No. _____

### NOTICE OF FILING
### PLAINTIFF'S NOTICE OF CONSENT TO JOIN

The Plaintiff hereby respectfully gives notice of filing his Notice of Consent to Join the above-styled matter, said pleading being attached hereto as Plaintiff's **Exhibit A**.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**

By:    s/ Jennifer M. Bermel
        Jennifer M. Bermel, #100550
        2600 One Commerce Square
        Memphis, Tennessee 38103
        Tel: (901) 217-7000
        Fax: (901) 333-1871
        Email: jbermel@forthepeople.com

DATED: June 3, 2010.